UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JERRY L. DIER**, as next friend of **DOROTHY DIER**, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 08-2 (RMC) |
| **PHYLLIS MADACHY**, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## ORDER TRANSFERRING CASE

Petitioner Dorothy Dier was appointed a guardian by the State of Maryland after a finding that she "lacks understanding or capacity to make or communicate responsible decisions concerning her person because of a disability [dementia]." *See* Petition for a Writ of Habeas Corpus ("Petition"), Ex. 1 (Mar. 7, 2006 Order of Circuit Court of Howard County, Case No. 13-C-0563324). Pursuant to the Howard County Court Order, Ms. Dier's court-appointed guardian may, *inter alia*, "consent to medical . . or other professional care, or admission to a nursing home for the disabled person." *Id*.

On March 7, 2006, the Howard County Office on Aging, having been appointed by the Circuit Court for Howard County as the guardian of 89 year-old Dorothy Dier, placed her in the Summit Park Health and Rehabilitation Center in Maryland ("Summit Park"). Petition, Ex. 2 (Unreported Opinion, *Dier v. Summit Park Health and Rehabilitation Ctr.*, No. 1595 (Oct. 19, 2007)). Ms. Dier was transferred to Summit Park from the Washington Hospital Center in the District of Columbia by order of the State of Maryland. Petition at 7.

On January 2, 2008, Mr. Dier, on behalf of Dorothy Dier, filed the instant Petition

pursuant to 28 U.S.C. § 2254. *See* Dkt. # 1. Mr. Dier requests that this Court "remove Ms. Dier from the care and custody of the State of Maryland, Howard County Circuit Court, Howard County Office of Aging and Summit Park Holding Facility." *Id*. at 92. Mr. Dier requests that this Court grant the Petition in order to "free [Dorothy Dier] from the legal custody imposed by the Howard County Circuit Court." *Id*. at 28.

Mr. Dier argues that venue in this Court is proper because some events related to the Petition – namely, Ms. Dier's stay at the Washington Hospital Center – occurred within the District of Columbia. However, even if relief under § 2254 is available,[1] Ms. Dier must seek that relief in the judicial district in which she is held. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). This Court does not have jurisdiction over the various Maryland state actors named as Respondents. *Id*. ("[J]urisdiction lies in only one district: the district of confinement."); *McLaren v. United States*, 2 F. Supp. 2d 48, 50 (D.D.C. 1998) (noting that habeas petition brought pursuant to 28 U.S.C. § 2254 should be brought in the district where the petitioner is incarcerated). Accordingly, it is hereby

**ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the District of Maryland; and it is

**FURTHER ORDERED** that the Clerk shall serve a copy of the Petition and this Order on the Attorney General and the U.S. Attorney for the District of Maryland; and it is

**FURTHER ORDERED** that the Clerk shall serve a copy of this Order on Petitioners, at the addresses listed below; and it is

---

[1] Some courts have counseled against the use of habeas petitions in disputes related to adult guardianship. *See, e.g.*, *Hemon v. Office of Pub. Guardian*, 878 F.2d 13 (1st Cir. 1989) (citing cases).

**FURTHER ORDERED** that this case shall be closed and removed from the docket of this Court.

**SO ORDERED**.

Date: January 15, 2008

                                                /s/
                                  ROSEMARY M. COLLYER
                                  United States District Judge

cc:

Jerry L. Dier
11448 Rowley Road
Clarksville, MD 21029

Dorothy Dier
Summit Park Holding Facility
1502 Frederick Road
Cantonsville, MD 21228